**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JAMES BENJAMIN WRIGHT
ADC #104462                                                                                          PLAINTIFF

V.                                             1:08CV00040 JMM/JTR

BRANDON K. LANE,
Corporal, North Central Unit,
Arkansas Department of Correction, et al.                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the North Central Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendant Corporal Brandon Lane: (1) violated his Eighth Amendment rights by touching him in a sexual manner; and (2) retaliated against him, for refusing his sexual advances, by issuing him a false disciplinary and taking away his food.[1]  *See* docket entry #1.

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts.  *See* docket entries #35, #36, and #37.  Plaintiff has filed a Response, which includes his Statement of Disputed Facts.  *See* docket entry #40.

---

[1] Plaintiff also alleges that Defendants Assistant Warden Curtis Mienzer, Major Eddie Selvey, and Corporal Larry Jones were aware of Defendant Lane's conduct but failed to take corrective action.  *See* docket entry #1.

## II.  Discussion

According to Defendants, they are entitled to summary judgment because Plaintiff has failed to fully and properly exhaust his administrative remedies.  *See* docket entries #35, #36, and #37.  The Court concludes that this argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *Jones v. Bock,* 549 U.S. 199, 219 (2007);[2] *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).  Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to:  (1) fully and properly exhaust their administrative remedies as to each claim mentioned in the complaint;[3] and (2) complete the exhaustion process *prior to filing an action in federal court.  See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

On June 9, 2008, Plaintiff filed grievance NC-08-00127, alleging that Defendant Lane

---

[2]  In *Jones,* 549 U.S. at 211, the Supreme Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

[3]  To fully exhaust administrative remedies within the ADC, an inmate must: (1) file an informal resolution form; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director.  *See* docket entry #37, Ex. A (ADC Adm. Dir. 07-03 § IV(E) through (G) (August 6, 2007)).

improperly touched him during a pat down search and issued him a  false disciplinary charge for

refusing to obey an order and being insolent.  *See* docket entries #37, Ex. D, and #40.  On June 15,

2008, Warden Evans denied the grievance as having no merit.  *Id.*  On June 17, 2008, Plaintiff

appealed the denial of his grievance to the ADC Chief Deputy/Assistant Director.  *Id.*  On July 3,

2008, *while that appeal was still pending,* Plaintiff initiated this action.  *See* docket entry #1.  On

December 1, 2008, the Chief Deputy/Assistant Director denied the appeal as having no merit.  *See*

docket entry #37, Ex. N.

Plaintiff *concedes* that he commenced this § 1983 action *before* he completed the exhaustion

process by obtaining a final ruling from the Chief Deputy/Assistant Director.  *See* docket entry #40;

*see also Johnson*, 340 F.3d at 627 (holding that:  "Under the plain language of section 1997e(a), an

inmate must exhaust administrative remedies *before* filing suit in federal court.  . . .  If exhaustion

was not completed at the time of filing, dismissal is mandatory") (emphasis in the original).

However, he seeks to excuse his failure to exhaust by contending that he somehow "knew that the

Deputy Director would write it off as he always does."[4]  *See* docket entry #40 at ¶ 6.  The Eighth

Circuit has made it clear that an inmate's subjective belief about whether the exhaustion procedures

were meaningful or otherwise available to him is irrelevant.  *Gibson v. Weber*, 431 F.3d 339, 341

(8th Cir. 2005); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

Plaintiff also asserts that he did not complete the exhaustion process because it took the ADC

Chief Deputy/Assistant Director five months to issue his final ruling, and Plaintiff "could have been

---

[4]A prisoner's failure to fully and/or properly exhaust administrative remedies may be excused *only* if the prison "officials have prevented prisoners from utilizing the procedures" or when "officials themselves have failed to comply with the grievance procedures."  *Gibson*, 431 F.3d at 341; *see also Miller v. Norris*, 247 F.3d 736 (8th Cir.2001); *Foulk v. Charrier,* 262 F.3d 687 (2001).

dead" by then and/or faced further retaliation.[5]  *See* docket entry #40 at ¶¶ 7, 9, 10, and 12.  ADC

policy provides that, absent an extension of time, the Chief Deputy/Assistant Director must rule on

an appeal within thirty days.  *See* ADC Admin. Dir. 07-03 at IV(G)(6); *see also* docket entry #37,

Ex. A at 9.  Thus, Plaintiff should have waited until the expiration of the thirty-day period, and then

(if he had not received a final ruling or extension of time) filed his Complaint in federal court.

Instead, Plaintiff commenced this action only sixteen days after he filed his administrative appeal,

which deprived the Chief Deputy/Assistant Director of the opportunity to rule on the matter.  *See*

*Jones,* 549 U.S. at 219 (explaining that one of the purposes of the exhaustion requirement is to allow

prison officials to address complaints before being subjected to suit).

Finally, if any prison officials retaliated against Plaintiff for filing his grievance or appeals

regarding Defendant Brandon's alleged misconduct, Plaintiff could have grieved the alleged

retaliation and then brought a separate § 1983 retaliation claim in federal court.  *See Cooper v.*

*Shriro,* 189 F.3d 781, 784 (8th Cir. 1999) (explaining that retaliating against a prisoner for using the

prison grievance process is a violation of the inmate's First Amendment right to access the courts).

Accordingly, the Court concludes that Plaintiff has failed to come forward with a sufficient

justification for his failure to fully exhaust his administrative remedies.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.       Defendants' Motion for Summary Judgment (docket entry #35) be GRANTED, and

this case be DISMISSED, WITHOUT PREJUDICE.

---

[5]Of course, Plaintiff had *no idea* when he filed the Complaint on July 3, 2008, that it might take five months for him to obtain a final ruling from the Chief Deputy/Assistant Director.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 26th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE